

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR 1 0 2008

Apr 10, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **KENDRICK THOMAS,** | ) | Civil No. _____ |
| Petitioner-Defendant, | ) | |
| | ) | Crim. No. 04-CR-965 |
| v. | ) | |
| | ) | Hon. Mark R. Filip |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent-Plaintiff. | ) | 08cv2204 |
| | | **JUDGE GOTTSCHALL** |
| | | **MAGISTRATE JUDGE SCHENKIER** |

MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S TITLE 28 U.S.C. SECTION 2255
MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

**COMES NOW,** the petitioner Kendrick Thomas, pro se, and moves this Honorable Court, pursuant to Title 28 U.S.C.S. §2255, requesting that his sentence be vacated then corrected, and he be resentenced.

In support hereof the petitioner states as follows:

## PROCEDURAL HISTORY

On March 8, 2005, the petitioner was named in a two (2) count indictment and charged with knowingly and intentionally distributing a controlled substance, in violation of 21 U.S.C. §841(a)(1). Petitioner pled guilty to this charge on February 2, 2006. He did not have a plea agreement with the government.

On August 3, 2006, the district court sentenced petitioner to

188 months in prison followed by a five year term of supervised release.

Petitioner filed a timely notice of appeal on August 15, 2006, pursuant to F,R,A,P, 4(b).  On April 25, 2006 the U.S. Court of Appeals for the Seventh Circuit entered an order affirming petitioner's conviction.  See, Ex. A.  Appointed counsel defaulted in filing a timely request for a Writ of Certiorari, even though petitioner asked counsel to file the certiorari petition.

## STATEMENT OF THE FACTS

The petitioner was arrested on November 4, 2004. (PSI 3). On March 8, 2005, petitioner Kendrick Thomas was charged by a two (2) count indictment. (PSI 3).  This indictment included two (2) counts of knowingly and intentionally distributing a controlled substance, in violation of 21 U.S.C. §841(a)(1). (PSI 3).   On February 2, 2006, Mr. Thomas entered a plea of guilty to both counts. (PT 33).  There was no written agreement in this case.

The factual basis of this case was that Mr. Thomas knowingly and intentionally distributed a controlled substance in excess of fifty (50) grams of mixtures containing cocaine base, otherwise known as crack cocaine.  At the sentencing hearing, Detective Mario Elias, testified that in the summe of 2003, the Drug Enforcement Administration narcotics task force in Elgin, Illinois, was investigating the Elgin chapter of the Gangster Disciples street gang for narcotics activity, specifically the distribution of crack

FOOTNOTE 1:  For citation purposes, PSI will refer to the Presentence Investigation, PT will refer to the Plea Transcript, ST will refer to the Sentencing Transcript and App. refers to the Short Appendix.  The number following for pages.

cocaine. (ST 13-14).  In order to administer this investigation, the task force relied on confidential informants to make narcotic buys from gang members. (ST 14).  During the course of this investigation, a confidential informant, Mr. Derrick Webster, approached Elgin detectives. (ST 15).  Mr. Webster explained that he had made numerous drug deals with members of the Gangster Disciples street gang for a number of years and that he wanted to share information with the detectives in order to make money. (ST 15).  Elgin detectives accepted Mr. Webster's offer and utilized him to make controlled narcotics transactions.

On or about June 26, 2003, Mr. Thomas used his cellular telephone to communicate with Mr. Webster regarding a cocaine transaction. (PT 25).  Following a series of conversations, Mr. Thomas and Mr. Webster agreed to meet at the petitioner's residence located at 312 DuPage Street in Elgin, Illinois. (PT 25)  During one of the conversations, petitioner informed Mr. Webster that he had "cooked" the cocaine himself. (PT 25).  At approximately 8:15 p.m. on June 26, 2003, Mr. Webster arrived at petitioner's residence whereupon the parties agreed on a price and quantity for the cocaine transaction. (PT 26).  Mr. Webster gave petitioner one thousand dollars ($1,000.00) in exchange for 53.6 grams of cocaine. (PT 26).  Later that evening, the informant contacted petitioner to complain that the quality of the cocaine was poor and that he was three (3) grams short. (PT 26).

During this cocaine transaction, Mr. Webster was outfitted with a recording device belonging to the Elgin task force detec-

3

tives. (ST 17). Detectives also maintained visual surveillance of the informant, Mr. Webster as he drove to the residence, entered the residence and left the residence. (ST 18). Immediately following this transaction, Mr. Webster met with the detectives. (ST 18). The detectives conducted a field test of the substance purchased from petitioner and concluded that there was cocaine present in the substance. (ST 24-25). Next, the Drug Enforcement Administration North Central Lab in Chicago sent a sample of this substance to AIT Labs in Indiana for analysis. (ST 34). AIT Labs concluded that the components of the sample were consistent with crack cocaine. (ST 34).

Additionally, on or about July 2, 2003, another controlled cocaine transaction took place between petitioner and Mr. Webster. (ST 24, App. 21). On that day, Mr. Webster contacted petitioner and the parties agreed to meet at a Burger King parking lot in south Elgin. (ST 24). During this transaction petitioner sold Mr. Webster 115.2 grams of cocaine for one thousand and seven hundred dollars ($1,700.00), which was a discounted rate to reimburse Mr. Webster for the poor quality of the cocaine from the June 26, 2003 transaction. (PT 26). Again, during this transaction, Elgin detectives were conducting visual and audio surveillance. (ST 24). Following this transaction, Mr. Webster met with detectives (ST 25). The detectives also conducted a field test on the narcotics retained from this transaction and concluded that there was cocaine present. (ST 30). Again, the Drug Enforcement Administration North Central Lab in Chicago sent a sample of this substance to AIT Labs in

4

Indiana for analysis. (ST 34). AIT Labs concluded that the components of the sample were consistent with crack cocaine. (ST 34).

The Presentence Investigation Report (PSI) found that petitioner's base offense level was 34, pursuant to U.S.S.G. §2D1.1 (C)(1) of the United States Sentencing Guidelines. (ST 75). The offense level was decreased by two levels for acceptance of responsibility and one level for timely notification of his intention to enter a plea pursuant to U.S.S.G. §3E1.1(b). (ST 75). As a result, petitioner's total offense level was 31 (ST 75, App 31).

Petitioner had eleven criminal history points (ST 75). However, out of these eleven points, four points were a result of traffic violations and a majority of the other points were a result of minor misdemeanor charges such as littering, misdemeanor possession of cannabis, resisting a peace officer and criminal trespass to land. (ST 66-67). Minus the present conviction, petitioner's criminal history only contains one other felony conviction for aggravated battery. (ST 67). Two points were added to petitioner's criminal history since he committed the instant offense within two years of his release on another crime that he was serving state time for, pursuant to 18 U.S.C. 4A1.1(e). (ST 64). Therefore, petitioner has a total of thirteen (13) criminal history points. (ST 75). According to U.S.S.G., Chapter 5, Part A, the petitioner was placed into a Criminal History Category of VI. (ST 59). The sentencing range established by the Sentencing Commission was 188 to 235 months. (ST 60).

The district court sentenced petitioner to a term of imprison-

5

ment of 188 months. (ST 78).  The district court also sentenced petitioner to a term of five (5) years supervised release following his incarceration. (ST 78, R. 35).  Additionally, petitioner was ordered to pay a two hundred dollar ($200.00) special assessment. (ST 78, R. 35).  Petitioner filed a timely notice of appeal on August 15, 2006 pursuant to F.R.A.P. 4(b).  The Seventh Circuit Court of Appeals affirmed Mr. Thomas' conviction and sentence by opinion on April 25, 2007, No. 06-3209.  Petitioner requested that his counsel, Ross M. Eagle, file both an En Banc Petition, then a Petition for Writ of Certiorari on his behalf.  But counsel refused to do so. (See: 2 attached letters written by petitioner to his lawyer requesting same in §2255 appendix.)

### GROUND ONE

That petitioner, Kendrick Thomas, was denied the right to effective assistance of counsel on direct appeal, as guaranteed to him under the Sixth Amendment of the United States Constitution.

### SUPPORTING FACTS

Petitioner asserts his ineffective claim against his appellate counsel in two parts labeled (a) and (b) as follows:

(a)  That attorney Ross M. Eagle, was ineffective for failing to (1) file a petition for rehearing en banc, and (2) file a petition for writ of certiorari on petitioner's behalf after petitioner had specifically asked that both be filed on his behalf.  Counsel was ineffective for refusing to file the enbanc or certiorari for

Mr. Thomas as asked to do.  See, Ross v. Mofitt, 417 U.S. 600, 617
(1974).  Petitioner had a statutory right to have his counsel file
a certiorari on his behalf based on the Criminal Justice Act, 18
U.S.C. §3006A.  Wilkins v. United States, 441 U.S. 468, 469 (1979);
see also United States v. Howell, 37 F.3d 1207, 1209 (7th Cir.
1994).  (See: The letter from petitioner to his counsel dated
May 4, 2007, involving request for counsel to file an en banc
petition, labeled as Exhibit A in §2255 appendix; and other dated
May 22, 2007, involving request that counsel file a certiorari
petition on petitioner's behalf labeled as Exhibit B in §2255
appendix).

Petitioner's appellate defense was prejudiced by counsel's
failure to contine defending him as petitioner had asked him to do.
The petitioner could have prevailed on the en banc or certiorari
petition.  The petitioner was denied the right to effective appellate
defense, which is Constitutional error.  The lawyer's handling of
the appellate defense failed to come up to minimum professional
standards, his failure to file a certiorari for the defendant
clearly prejudiced the defendant.  Strickland v. Washington, 466
U.S. 668, 687, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984).

Petitioner argues that he is entitled to a presumption of
prejudice under United States v. Cronic, 466 U.S. 648, 80 L.Ed.
657, 104 S.Ct. 2039 (1984) because of his counsel's refusal to help
file an en banc petition, then refusal to file a certiorari peti-
tion as petitioner asked him to do.  This constituted a construc-
tive denial of counsel.

7

Petitioner's conviction must be vacated and counsel sanctioned, or in the alternative, he should be appointed another counsel and then allowed to file a late en banc petition, followed by a writ of certiorari petition if needed.

(b)   That attorney Ross M. Eagle, was ineffective on appeal for failing to raise the issue on direct appeal that the U.S. Probation Department errored in calculating petitioner's criminal history points in his PSR and that the district court erred in adopting the PSR's determination that petitioner had a total of 13 criminal history points.  Counsel had objected to that determination in the Sentencing Memorandum on behalf of Kendrick Thomas, which was filed by defense prior to sentencing. (See: Sentencing Memorandum on behalf of Kendrick Thomas, pages 5 and 6, labeled as Exhibit C in §2255 appendix).  Counsel argued in the memorandum that Mr. Thomas' criminal history category should have been 8, which would have been the accurate calculatio.  The sentencing court overruled/denied the defense's objection and adopted the PSR. (See: Sentencing Transcripts, page 76, labeled as Exhibit D in §2255 appendix).  Attorney Eagle represented the petitioner at both the sentencing and direct appeal phases.  He raised the objection at sentencing.  It was of merit.  It was denied by the court, so counsel should have raised the issue on appeal.

Appellate counsel's failure to raise the issue on direct appeal constitutes ineffective assistance of counsel on the lawyer's part. Velarde v. United States, 972 F.2d 826, 827 (7th Cir. 1992).  Ap-

8

pellate counsel was constitutionally deficient in omitting a possible dead bang winner as aforementioned, instead of raising the other unsuccessful claims. Page v. United States, 884 F.2d 300, 302 (7th Cir. 1989). Counsel's error was so serious that his representation on appeal fell outside the wide range of professionally competent or effective assistance. Strickland v. Washington, 466 U.S. 668, 690, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984); see also, Evitts v. Lucey, 469 U.S. 387, 397, 83 L.Ed. 2d 821, 105 S.Ct. 830 (1985).

Sixth Amendment ineffective assistance of counsel claims are often raised collaterally in a petition under 28 U.S.C. §2255, when a defendant was represented by counsel at trial stage and on appeal. This also allows for supplementation of the record with evidence pertinent to the asserted attorney error. Galbraith v. United States, 313 F.3d 1001, 1007-08 (7th Cir. 2002); McCleese v. United States, 75 F.3d 1174, 1178 (7th Cir. 1996). Attorney Eagle's performance on appeal was deficient and the deficient performance was prejudicial under Strickland 466 U.S. at 690-91; Floyd v. Hanks, 364 F.3d 847, 850 (7th Cir. 2004).

Petitioner's sentence must be vacated and he be resentenced, or in the alternative, he be allowed to raise this aforementioned issue on appeal.


GROUND TWO

That the U.S. Probation Department erroneously calculated the petitioner's Criminal History Category points, and the sentencing

9

court erred in adopting same, thus violating the petitioner's
Fifth and Sixth Amendment rights under the United States Constitu-
tion.

## SUPPORTING FACTS

The U.S. Probation Department erred in calculating petitioner's
criminal history category points at 13, then determining that he
should be placed at Criminal History Category VI.  The sentencing
court erroneously adopted the PSR and the erroneously calculated
points.

The district court erroneously counted the 13 points and thus
placed petitioner in category 6:  Mr. Thomas was convicted of reck-
less conduct in 1995, resisting a peace officer and contributing to
the delinquency of a minor in 1996, attempted aggravated battery in
1997, and criminal trespass and aggravated battery in 1999.  He also
had been convicted ten (10) times between 1995 and 2002 of driving
without a license or while his license was suspended.  The peti-
tioner's lawyer conceded without petitioner's full knowledge that
he was correctly classified at the criminal history category VI.
Though counsel had objected to the PSR, challenging the accuracy of
the 13 criminal history points, under U.S.S.G. §4A1.1 and §4A1.2,
the criminal history points for Mr. Thomas' misdemeanor and traffic
offenses could not exceed four (4) points.  When combined with his
other points this netted him a lawful criminal history category
score of 8.  Therefore, petitioner's sentence must be vacated, and
he be resentenced to 151-188 months, being offense level 31, cate-

10

gory IV. Though the 188 months he was sentenced to is still within the new range, he may still benefit at resentencing because he was sentenced at the low end of the unlawful categoty. The court may still sentence him to the low end of the lawful category of four at resentencing. Petitioner is requesting that he be resentenced to 151 months of imprisonment.

Furthermore, in light of the United states Sentencing Commission's Amendment 12, the majority of the petty convictions may not be able to be counted anyway.

This issue was not raised on direct appeal due to the petitioner's appellate counsel being ineffective for failing to raise the issue on direct appeal as the petitioner requested him to do.

The petitioner can challenge his conviction or sentence under Section 2255 on a ground not raised on direct appeal by showing:

(1) both good cause for his failure to raise the issue on direct appeal and actual prejudice from the asserted error (miscalculation of criminal history points is sufficient). See: United States v. Frady, 456 U.S. 152, 168, 71 L.Ed. 2d 816, 102 S.Ct. 1584 (1982); or

(2)    that the district court's refusal to consider the issue on procedural grounds would lead to a fundamental miscarriage of justice. See: Smith v. Murry, 477 U.S. 527, 537-38, 91 L.Ed. 2d 434, 106 S.Ct. 2661 (1986). The district court adopted the PSR that miscalculated the criminal history points erroneously. The court shouldn't have adopted the PSR. See: United States v. Hagenan, 423 F.3d 638, 644 (7th Cir. 2005).

The sentencing court should have looked at the fact more thoroughly to determine if the offenses could be used instead of simply adopting the PSR because the error enhanced petitioner's sentencing range.

The petitioner's sentence must be vacated and he be resentenced at the criminal history category IV, at offense level 31, to a term of 151 months imprisonment.

## CONCLUSION

Petitioner, Kendrick Thomas respectfully requests that his sentence be vacated and he be resentenced to 151 months if imprisonment.

Respectfully submitted,

Kendrick Thomas, Pro Se

21731-424

12

Appendix § 2255

> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 17, 2007
Decided April 25, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3209

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division |
| *v.* | No. 04 CR 965-1 |
| KENDRICK THOMAS,<br>*Defendant-Appellant.* | Mark R. Filip,<br>*Judge.* |

## ORDER

After Kendrick Thomas pleaded guilty to possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), the district court sentenced him to 188 months imprisonment, the bottom of his properly calculated guidelines range. He argues that his sentence is unreasonable because most of his prior offenses were misdemeanors and traffic violations, yet when added up they put him in criminal-history Category VI. He also contends that affording a presumption of reasonableness to a sentence within the guidelines range creates a "de facto binding guidelines regime" in contravention of *United States v. Booker*, 543 U.S. 220 (2005).

*Exhibit #A.*

In 2003 a Drug Enforcement Administration task force investigated crack dealing by the Gangster Disciples street gang in Elgin, Illinois. During the investigation an informant bought crack from Thomas on two occasions. The first transaction involved 53 grams and the second, 115 grams. Thomas was charged with two counts of possessing crack (cocaine base) with intent to distribute, 21 U.S.C. § 841(a)(1), and he pleaded guilty to both counts. The quantity of crack triggered ten-year mandatory minimums by statute, *id.* § 841(b)(1)(A)(iii), and a total offense level of 31 under the sentencing guidelines. U.S.S.G. §§ 2D1.1(c)(3); 3E1.1.

The district court counted 13 criminal history points, which placed Thomas in Category VI. Thomas was convicted of reckless conduct in 1995, resisting a peace officer and contributing to the delinquency of a minor in 1996, attempted aggravated battery in 1997, criminal trespass and aggravated battery in 1999, and possession of cannabis in 2002. He also was convicted ten times between 1995 and 2002 of driving without a license or while his license was suspended. Thomas conceded that he was correctly classified as Category VI, but he argued that the district court should sentence him below the guidelines range because his criminal history consisted of "petty misdemeanor[s]" rather than crimes of violence or drug dealing. The district court acknowledged that some of Thomas's convictions were for minor offenses, and offered that as a reason for selecting a sentence of 188 months, the bottom of Thomas's guidelines range. The court declined to go lower because some of Thomas's convictions were for crimes of violence, and because the sheer number of convictions was "extraordinary."

On appeal Thomas primarily argues—somewhat anachronistically—that he is "entitled" to a one-level "departure" in his criminal history category because, in his view, placement in Category VI substantially over-represents both the seriousness of his criminal history and the likelihood that he will commit other crimes. If a defendant is able to persuade a sentencing court of such contentions, U.S.S.G. § 4A1.3(b)(1) encourages the court to downwardly "depart" from the guidelines in imposing sentence. But arguing whether Thomas qualifies for a downward "departure" is a needless complication after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Spano*, 476 F.3d 476, 480 (7th Cir. 2007) (noting obsolescence of "departures" post-*Booker*).

The real question on appeal is whether the district court considered the factors set forth in 18 U.S.C. § 3553(a) and imposed a sentence that is reasonable. *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). Here, the district court considered Thomas's argument that his relatively modest criminal history militated for a below-range sentence but ultimately rejected it, noting that Thomas "has been shown leniency repeatedly and then nonetheless has chosen to continue to break

the law." The court also described the impact of Thomas's crime on the Elgin community where, according to a task force officer who testified at sentencing, "open-air drug markets" forced children off the streets. The court cited the need to generally deter such crimes as well as a need to specifically deter Thomas as justification for the 188-month sentence; the court was required to do no more. *See United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

Although the district court refused to sentence Thomas below his guidelines range, it cited, as we have noted, Thomas's criminal-history argument as the primary reason for selecting 188 months, the bottom of the range. Thomas is not satisfied with that concession, maintaining on appeal that his sentence is unduly severe because it is driven by his "minor offense and traffic violations." But in truth the quantity of crack Thomas dealt, not his criminal history, largely determined his sentence. Only three of Thomas's ten convictions for driving without a valid license were counted in his criminal history score. If they had been left out of the equation entirely, his criminal history score would drop to a Category IV, but his 188-month sentence would still be within the guidelines range. *Cf. United States v. Stitman*, 472 F.3d 983, 989 (7th Cir. 2007) (noting that even if defendant prevailed on argument to lower his properly calculated criminal-history category, his actual sentence would still be within the new guidelines range). Nor is Thomas's sentence unreasonable, as he urges, simply because many of his prior crimes were misdemeanors. *See United States v. Garner*, 454 F.3d 743, 751 (7th Cir. 2006) (upholding Category VI designation and sentence at high end of guidelines range although defendant's criminal past consisted solely of misdemeanors).

Thomas also asserts that the presumption of reasonableness afforded on appeal to sentences within a properly calculated guidelines range, *see, e.g., United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110-11 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), "virtually reinstates the previous mandatory sentencing regime" because district courts "refuse to apply below-[g]uidelines sentences unless there are glaring extraordinary circumstances present." He argues that the presumption caused the district court to select a sentence based on "strict [g]uideline calculations without adequate consideration being given to [his] individual circumstances, history and characteristics." But as already discussed, the district court in fact explicitly considered the § 3553(a) factors and articulated point-by-point responses to each argument advanced by Thomas in favor of a lower sentence. Thomas cites to the Supreme Court's decision to grant certiorari in *United States v. Rita*, No. 05-4674, 177 F. App'x 357 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), and *United States v. Claiborne*, 439 F.3d 479 (8th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5618), but the citations are perfunctory; he does not explain how the potential resolution of either case might bear on his sentence.

No. 06-3209

Accordingly, the judgment of the district court is AFFIRMED.

Kendrick Thomas
Reg. No. 21731-424
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN. 47801


May 4, 2007


Ross M. Eagle
Attorney at Law
53 W. Jackson Blvd.
Suite 1324
Chicago, IL. 47801


              Re:  **United States v. Thomas**
                   **App. No. 06-3209**



Dear Mr. Eagle:

        I've given serious thought to your letter and the suggestions
you make.  I'd like to take advantage of an en banc court.  Even
though you think it is likely to be denied, it can very well
be granted also if what I have written here is properly articulated
before the court.  By the way, thank you very much for resolving
the Kane County case.  I am truly grateful.

        I have enclosed another copy of the letter I sent you back
in November of 06.  The focus is on page two, where I give the
breakdown of the points that should have been used against me,
which is to say that my criminal history points of 8 is consistent
with 180 days of total imprisonment.  This calculation of 8 points
puts my criminal history in category IV.

        The sentencing court used a total of 13 criminal history
points against me, placing me in category VI, to which the court
sentenced me to the low end, 188 months.  My argument is that
since the judge's intent was to sentence me to the low end in
category VI, then he would have done so at the low end in category
IV.  The Court of Appeals says it would not have made a difference
even if the 3 convictions for driving without a valid license
were left out and the "...criminal history score dropp[ed] to
a category IV ... his 188 month sentence would still be within
the guidelines range."  [App. Ct. Order p.2, 2nd para.].



*"Exhibit A." §2255*

What I urge you to do with an en banc petition to the court is to show them the difference it truly does make in being sentenced at the low end in category IV as opposed to the low end in category VI.  A sentence at the low end in category IV is 151-188.  The Court of Appeals believe that since 188 months is still a part of category IV's, at the high end, then it would not have made any difference.  However, the difference is in the judge's intent. Minus the driving without a license violation I am in a category IV and the judge sentencing to the low end of that.

What is even more significant is that in light of the Sentenc- ing Commission's new calculations concerning the crack vs. powder penalties, there is a great chance that my offense level will be reduced to 29; category IV, 121-151 months; category VI, 155-188 months.  The point to be made here also is that the sentencing court erroneously calculated my criminal history points.  8 points were all I am subject to in terms of my criminal history, not the 13 used by the sentencing court.  Moreover, the sentencing judge's intent to sentence me at the low end of the category.

More likely than not the new calculations of the U.S.S.G. will be retroactive (even if they are retrospective), I will be affected by the change.  I think you are more than capable of convincing an en banc court of this argument.  It's an argument I am almost certain will be successful.  Therefore, the answer is 'yes' to your question, to take the next step in filing a petition for rehearing.

I honestly do appreciate your assistance.  Thank you.

Sincerely:

Kendrick Thomas

cc:/ rec.

To: Mr. Ross M. Eagle
    Attorney at Law
    53 W. Jackson Blvd., Ste. 1324
    Chigago, Illinois 60604

*(handwritten note)* INEFFEC...E FOR FAILURE TO FILE CERTIORARI

Re: Kendrick Thomas- Appeal No. 06-3209
    (Concerning Certiorari)

May 22, 2007

Dear Mr. Eagle,

I'm writing you in regards to my appeal and to express my concerns as to my up coming Certiorari Petition.

I've been doing some legal reasearch of my own in an effort to hopefully assist you, and to contribute in your representation of my case. I do agree with you that a en-banc petition would have been useless, but I would like for you to file a Writ of Certiora-ri within the U.S. Supreme Court on my behalf. I strongly feel we will prevail in that Court if we present the right certified question.

I think we should focus a lot on the calculation of the criminal history that was erred in the PSI, which we did raise an objection to in the Sentencing Memorandum. The court ruled against us on it, we appealled, and the Appeals Court denied it same.

If we present a question such as:

Whether the district court erroneously denied the defendant a one level criminal history departure pursuant to U.S.S.G §4A1.3(b) because his criminal history category substantially over-represents the seriousness of his criminal history and the likelihood to commit future crimes, in addition to possible errors that were made by the Probation Department in prepar-ing his (PSI) and calculation of his criminal history points.

*(handwritten)* "Exhibit # B" §2255

Or:

Whether the Seventh Circuit Court of Appeals erroneously
affirmed the district courts decision, where the district
court acted unreasonably when it determined that the nature
and circumstances surrounding Mr. Thomas's criminal history
consisting of almost entirely of minor misdemeanor offenses
and traffic violations, and was questionable as to the
accuracy of the criminal history score calculated by the
U.S. Probation Office(PSI), denied Thomas a one level
criminal history departure pursuant to U.S.S.G. §4A1.3(b)
because his criminal history category substantially over-
represents the seriousness of his criminal history and the
likelihood that he will commit future crimes.

That I feel is a good certified question, it's not very
short, but it's not too long neither. Well we put the same
argument in the sentencing memorandum and the court ruled on it
in full, where we also touched light on the fact that the
Probation Department had miscalculated the total points that I
should have actually had. Though we didn't argue that properly
on appeal, meaning we didn't argue that I should have only been
given 8 criminal history points on direct appeal; with this
particular question we can shed light on that fact in the
Certiorari Petition, and we still won't be deviating from the
issues raised on the direct appeal. I feel the issue should be
fully brought to the light, and I totally disagree with the
Court of Appeals. The Court claimed in their Order affirming my
conviction and sentence that the issue is useless because the
district court would still sentence me to the same 188 months
even if the category did change. The Court of Appeals don't know
that for sure.

No one knows what the district court would sentence me to if the case was remanded for resentencing. I believe that if the court sentenced me to the low end in category six, then they may sentence me to the low end at category four or five. The fact remains that an error was made in calculating the points, and the case should have been remanded for resentencing due to that inaccuracy alone.

Therefore, the Courts reliance on <u>United States v. Spano</u>, 476 F. 3d 476, 480 (7th Cir. 2007), is misplaced, because they can't read the district court's mind. <u>Spano</u>, was a cry baby issue, it didn't involve an inaccuracy in calculating criminal history points.

I also want you to formulate an additional certified question or combine it with the aforementioned question. The first question is not the one we should use, but lets use the second question. So I don't know if you want to combine the <u>Booker</u> requirement issue into the question I've somewhat developed or should we make a seperate question. If a seperate question maybe we can use this:

Whether the Seventh Circuit Court of Appeals erroneously affirmed Mr. Thomas's sentence, where the district court abused its discretion at sentencing by ignoring the requirement that a sentence, which constitutes a substantial varience from the Sentencing Guidelines, be justified by extraordinary circumstances is incosistant with this Court's holding in <u>United States v. Booker</u>, 543 U.S. 220(2005).

Then just follow the same argument in opposition to the 7th Circuits opinion and Order. I think we could prevail, as long as the correct questions are presented and we make it be an issue that applies to everyone as a hole, in addition to self.

I know that your a busy man, and I hope that the lengthiness of this letter don't bore you. If there is anything that I can do to further assist you in my representation please don't hesitate to ask. Also, if you have any questions, write me and I will respond promptly.

Mr. Eagle, I do appreciate all that you've done for me, and your further assisatnce as well. So be sure to file the Writ of Certiorari timely, and send me a copy of it. I know its a long shot but maybe it will work. I'm okay myself, but I'm still a little denial that we couldn't have raised the miscalculation of my criminal history points in full on direct appeal, but I'll be okay.

Please respond as needed, and let me know whats going on, Your further assistance in this matter will be greatly appreciated.

Thank You,


Respectfully Submitted

Mr. Kendrick Thomas
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN. 47801
Reg. No. 21731-424

Appellant-Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) | |
| vs. | )<br>)<br>) | No. 04 CR 965-1<br>Hon. Judge Mark Filip |
| KENDRICK THOMAS,<br>Defendant. | )<br>)<br>) | |

## SENTENCING MEMORANDUM ON BEHALF OF KENDRICK THOMAS

NOW COMES the defendant, Kendrick Thomas, by his attorney, Ross M. Eagle, and files the following Sentencing Memorandum setting forth all the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

Kendrick Thomas admitted in open court that he committed the charged offense. However, Mr. Thomas believes that the controlled substance at issue is not "crack" cocaine because of how it was made. First, the cocaine was never intended to be actual crack cocaine. Mr. Thomas was attempting to rip-off the confidential source and prepared a mixture of cocaine that was of extreme low purity, approximately 20% cocaine and 80% baking soda, well below the DEA estimates of "crack" cocaine purity (75%-90% pure). Second, rather than being "cooked" on a stove, hot water was poured over it. Basically, it was wet cocaine and not the crystalized rock-like substance that gives "crack" its name and attributes (i.e. pops when it is smoked).

This factor is the most controlling as to Mr. Thomas' sentence and so this memo will forego a detailed recitation of all the factors of §3553(a). This memo will focus on the guidelines calculation and stand on the Presentence Investigation Report as to the personal

*"Exhibit # C" §2255*

history of Mr. Thomas.

Mr. Thomas is requesting an evidentiary hearing as to the nature of the controlled substance at issue.

### Sentencing under *Booker*

On January 12, 2005, the United States Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S.Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that

[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guideline's mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S.Ct. at 756. Accordingly, the Court severed and excised those provisions, making the Guidelines effectively advisory. Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, "requires a sentencing court to consider Guideline Ranges, see 18 U.S.C.A. §3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory

concerns as well, see §3553(a)." Booker, 125 S.Ct. at 757. Thus, under Booker, sentencing

courts must treat the guidelines as just one of a number of sentencing factors set forth in 18

U.S.C.§3553(a).

The primary directive in Section 3553 (a) is for sentencing courts to impose a sentence

sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2.

Section 3553(a)(2) states that such purposes are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide

         just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or

         other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs

sentencing courts to consider the following factors:

1)      the nature and circumstance of the offense and the history and characteristics of the

         defendant; [3553(a)(1)]

2)      the kinds of sentences available; [3553(a)(3)]

3)      the need to avoid unwarranted sentence disparities among defendants with similar

         records who have been found guilty of similar conduct; [3553(a)(6)] and

4)      the need to provide restitution to any victims of the offense. [3552(a)(7)]

Other statutory sections also give the district court direction in sentencing. Under 18

U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in

determining whether and to what extent imprisonment is appropriate based on the Section

3553(a) factors, the judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Under 18 U.S.C. §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant'] which a court of the United States may receive and consider for purpose of imposing an appropriate sentence." This statutory language certainly overrides the (now-advisory) policy statements in Part H of the Sentencing Guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, military service, and family ties and responsibilities. See U.S.S.G. §5H1.

The directives of <u>Booker</u> and Section 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the holdings of the merits majority in <u>Booker</u>, rejecting mandatory guideline sentences be based on judicial fact-finding, and the remedial majority in <u>Booker</u>, directing courts to consider all of the Section 3553(a) factors, many of which the guidelines either reject of ignore.

In sum, in every case a sentencing court must now consider all of the 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

## Application of the Statutory Sentencing Factors to the Facts in This Case

As noted in the introduction, Mr. Thomas will forego a detailed analysis of the §3553(a) factors but would like to reserve the right to discuss those points at a sentencing hearing. Instead, Mr. Thomas will concentrate on the sentencing range according to the Sentencing Guidelines.

## The Sentencing Range Established by the Sentencing Commission

### A. Offense Level

Mr. Thomas maintains that this controlled substance at issue was cocaine base but not "crack" cocaine. Thus, based on the combined weight of the admitted substances as required under application note 6 to §2D1.1, the base offense level is 18 pursuant to §2D1.1(c)(11).

Mr. Thomas has clearly accepted responsibility for the offense and thus a 2 level departure is warranted pursuant to Guideline 3E1.1.

Mr. Thomas provided the Government with timely notification of his intention to enter a plea and pursuant to Guideline 3E1.1(b), is entitled to an additional 1 level departure.

Thus, Mr. Thomas' Total Offense Level is 15.

### B. Criminal History

Mr. Thomas objects to the criminal history score calculated by the Presentence Investigation Report because it is 1) miscalculated and 2) over-represents his criminal history.

### 1. Calculation of Criminal History

Line 117 assigns Mr. Thomas 2 points for case 96CF967 pursuant to §4A1.1(c). However, according to §4A1.1(c) only 1 point is given. It may be that because of the sentence imposed on the Violation of Probation the 2 points should have been assigned pursuant to §4A1.1(b), however, that would still be in error.

The violation of probation in case 96 CF 967 ran concurrent with the violation of probation in case 98 CF 1370 (both sentences on 1/15/02). The basis of the violations was the same set of facts and since the sentences ran concurrently, they are related cases and should be scored together pursuant to §4A1.2(a)(2). The end result would be to lower Mr. Thomas' criminal history by two points to twelve instead of fourteen, dropping him to Category V.

Mr. Thomas maintains it is imperative to have the police reports from the Elgin Police Department and Kane County to verify that the above sentences are related and most likely related also to case 01 CM 5872 (line 163-164). Mr. Thomas will request in court that the matter be continued to secure those documents.

## 2. Over-representation of Criminal History

Mr. Thomas maintains he should be entitled to a one level departure of his criminal history based on U.S.S.G. §4A1.3(b).

According to §4A1.3(b), "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." See also, U.S. v. Reyes, 8 F.3d 1379 (9th Cir. 1993) (court upholds downward departure – 210 months to 33 months – from career offender guidelines –on both offense level and criminal category – where defendant a comparatively minor offender – 6 minor drug and theft priors – but remands for court to state reason for extent of departure);

The bulk of Mr. Thomas' criminal history is comprised of relatively minor misdemeanor offenses. The Presentence Report lists a total of fourteen court cases but twelve of them are for misdemeanor or traffic offenses. Mr. Thomas' has never received a sentence longer than 180 days imprisonment, but now, based in large part on these minor cases, he faces 188 months in jail under Category VI.. The gross disparity between the prior minor offenses and this severe sentence warrants a departure.

6

## Conclusion

For the foregoing reasons, Kendrick Thomas, respectfully submits that his Total Offense Level is 15 and his Criminal History Category should be IV for a sentencing range of 30-37 months.

Respectfully submitted,

/s/ Ross M. Eagle

_____

Ross M. Eagle, Attorney for
Defendant Kendrick Thomas


Ross M. Eagle
Jester, Kenworthy & Eagle LLC
53 West Jackson Boulevard
Suite 1324
Chicago, Illinois 60604
312-435-9901
#6216008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 CR 965 |
| | ) | Hon. Judge Mark Filip |
| | ) | |
| KENDRICK THOMAS, | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

To:   Lisa Noller
      Assistant United States Attorney
      219 South Dearborn, 5th Floor
      Chicago, Illinois 60604

        Please take notice that on July 4, 2006, I caused to be filed with the Clerk of the United States District Court of the Northern District of Illinois, Eastern Division, Defendant Kendrick Thomas' Sentencing Memorandum, a copy of which is attached and hereby served upon you.

                                        /s/ Ross M. Eagle
                                        _____
                                        Ross M. Eagle, Attorney for
                                        Defendant Kendrick Thomas
                                        53 W. Jackson Blvd. #1324
                                        Chicago, Illinois 60604
                                        312-435-9901

## Certificate of Service

I, Ross M. Eagle, an attorney, certify that I served a copy of the above notice, together with copies of all Motions listed upon the parties named above via electronic delivery purusant to court rules on electronic filing on July 4, 2006.

                                        /s/ Ross M. Eagle
                                        _____
                                        Ross M. Eagle

8

## Other Documents
### 1:04-cr-00965 USA v. Thomas

**United States District Court**

**Northern District of Illinois - CM/ECF LIVE, Ver 2.5**

Notice of Electronic Filing

The following transaction was received from Eagle, Ross entered on 7/4/2006 at 11:07 AM CDT and filed on 7/4/2006

**Case Name:**      USA v. Thomas
**Case Number:**    1:04-cr-965
**Filer:**
**Document Number:** 33

**Docket Text:**
SENTENCING MEMORANDUM as to Kendrick Thomas (Eagle, Ross)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=7/4/2006] [FileNumber=2558081-0]
[73a6d1845cf2e29354de77c9fc08f2936d50c3f65acd364afe98f846985465719289
f29bc7b205e15e8805e077135d6272c818a49b4b7840851b93703bcbb152]]

### 1:04-cr-965-1 Notice will be electronically mailed to:

Ross M. Eagle      rmeagle@jkelaw.com

Lisa Marie Noller      lisa.noller@usdoj.gov, USAILN.ECFAUSA@usdoj.gov

Pretrial Services      ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov

### 1:04-cr-965-1 Notice will be delivered by other means to:

Federal Defender Panel
,

Probation Department
,

1    MS. NOLLER    None from the government, your Honor.

2    MR. EAGLE.    None from Mr. Thomas.

3    THE COURT    Then I'm going to adopt the PSR as it has

4    been tendered with the refinement of the parties' treatment of

5    the one point criminal history -- excuse me, yes, the one

6    point as it impacted on criminal history leading to the agreed

7    numbers that we have just discussed.

8        Also for purposes of the record, I credit the testimony

9    that was offered this morning at the evidentiary hearing.

10        Let me begin by please thanking the lawyers for their

11    fine presentations and their good written product.  It was

12    obvious that people on both sides had worked hard in

13    preparation for their arguments and for the hearing.

14        For purposes of the record, although there were some

15    initial disagreements, ultimately, there was agreement among

16    the parties on the advisory Guideline numbers, as has just

17    been discussed.

18        I give Mr. Thomas the 3 points credit under the advisory

19    Guidelines for acceptance of responsibility, which produces an

20    advisory Guideline range of 188 to 235 months.  I also

21    acknowledge that the Guidelines are advisory under the Supreme

22    Court's teaching in Booker.  Under Seventh Circuit precedent,

23    uniform precedent, really, of all the circuits, the advisory

24    Guidelines must and should be considered and they will be and

25    have been considered in imposing sentence.

"Exhibit #D" § 2255

**KENDRICK THOMAS**
Reg. No. 21731-424
U.S.P Terre Haute
P.O. Box 12015
Terre Haute, IN. 47801

November 12, 2006


ROSS M EAGLE
Attorney-At-Law
53 West Jackson Boulevard
Suite 1324
Chicago, Illinois 60604


Dear Mr. Eagle:

The major issue  the Court of Appeals needs to hear is how the sentencing judge erred in sentencing me according to the inaccuracies of the presentence report.  You were probably unaware at sentencing that the Sentencing Guidelines only permits the use of **4 points** at the maximum to be used against me in calculating my criminal history points.  When this correction is made I should be a **level 31** with a criminal history category of 4.

According to the criteron of the Criminal History, § 4A1.1(c) states:

> "**One point** is added for each prior sentence not counted under § 4A1.1(a) or (b).  A maximum of <u>four points</u> may be counted under this item."

*Exhibit # II. letter to Counsel during direct Appeal §2255*

The following is how my calculations should have been:

A total of **4 points** for each § **4A1.1(c)** that was attributable to the criminal history and another **4 points** pursuant to [4A1.1(b) =(2)] and [4A1.1(e) =(2)]. This totals up to **8 points** for my entire criminal history.[1] And if the relevant conduct points are not counted my total criminal history points should be at **6.**

To make this a little more clearer, according to the way things are now I received a total of **8 points** and has only served 180 days imprisonment, which amounts to this:

| | | |
|---|---|---|
| Attempt Aggravated Battery ...... | 2 points | *180 days concurrent* |
| Possession of Cannabis .......... | 2 points | *Time served concur...* |
| Driving on a Suspended License .. | 2 points | *Time served concur...* |
| Aggravated Battery (felony) ...... | 2 points | *180 days Concurre...* |
| Total ...... | 8 points | *all with the agg Bat (felony)* |

---

[1] Actually, I should not have been given 2 points under § **4A1.1(e)** for relevant conduct because the cases I was given relevant conduct for ran concurrent with aggravated battery (felony) as time served.

- 2 -

Pursuant to § 4A1.2(a)(2) and (a)(1) can only be punished for the crime that is at the highest level, the others cannot be used which is why the **2 points** for Aggravated Battery (felony) is permissible.  But not a total of **8 points** when all the sentences were concurrent.

I received **9 points** pursuant to § 4A1.1(c), **5 points** more than allowable by the Guidelines.  Here is how the points add up from the way that are calculated in the presentence report, I've outlined them in pertinent part: **2/**

| Points | Date Arrest | Conviction | Date Sentenced | Guideline |
|--------|-------------|------------|----------------|-----------|
| 1 | 6/28/95 21yrs | Reckless conduct '95 c 3758 | 10/25/95 plea guilty $300 fine 12 mos. Superv. | 4A1.1(c) |
| 1 | 10/16/95 21yrs | Contributing to a minor 95 c 6577 | 5/10/96 SMITHS court Superv. | 4A1.1(c) |
| 2 | 5/31/96 22yrs | Attempted Agg. Battery 96 CF 976 | 7/17/97 Plea Guilty 12mos. Probation 2days Jail (time served)  1/15/02 Probation Violation of 180 days. | 4A1.1(c) |
| 1 | 1/31/98 23yrs | Driving on a Suspended Lic. 98 TR 9622 | 7/18/00 12mos. Conditional discharge, 24 days periodic imprisonment.  12/14/00 Superv. Revoked. | 4A1.1(c) |

---

**2/** My counselor would not allow me to have my presentence report because he says its the policy of this institution not to do so.  He allowed me to copy parts of it by hand.

| Points | Date Arrest | Conviction | Date Sentenced | Guideline |
|---|---|---|---|---|
| 1 | 6/11/97 | Driving on a Suspended Lic. 97300424201 | 12/11/97 Plea Guilty 1yr. court superv. | 4A1.1(c) |
| 1 | 6/10/98 | Driving on a Suspended Lic. 98TR45961 | 7/18/00 Guilty 12mos. Conditional discharge, 24 days periodic imprisonment. 12/14/00 Revoked. | 4A1.1(c) |
| 2 | 6/22/98 24yrs. | Agg. Battery (felony) 2cts. 98CF1370 | 7/22/99 Finding of guilty 180ds. jail, 30 mos. probation per count concurrent. | 4A1.1(b) |
| 1 | 7/16/98 | Driving on a Suspended Lic. 98TR53175 | 9/15/00 12 mos. Conditional discharge 2 ds. imprisonment. | 4A1.1(c) |
| 1 | 3/8/00 | Driving on a Suspended Lic. 00TR21995 | 7/18/00 12 mos. 24 ds. jail 12/14/00 Superv. Revoked | 4A1.1(c) |
| 2 | 1/16/01 | Possession of Cannabis 01 c 5872 | 5/20/02 Guilty 180 ds. (time served) | 4A1.1(b) |
| 2 | 9/16/01 | Driving on a Suspended Lic. 01TR75243 | 5/23/02 Plea Guilty 180 ds. (time served) | 4A1.1(b) |

Also, note that both the 180 day sentence ran concurrent with the [Aggravated Battery Conviction].  The Possession of Cannabis was not a felony, nor was Driving on a Suspended License.

- 4 -

Notice of Filing

and

Certificate of Service

———————

**PLEASE TAKE NOTICE,** that on _April 02_, 2008,

I caused to be filed with the Clerk of the U.S. District Court of

the Northern District of Illinois, Eastern Division, the "Memorandum

of Law in Support of..." by placing a true copy to the Clerk into

the U.S. Mail, and at the same time placing an additional copy

into the U.S. Mail through the inmate legal mail depository at the

U.S. Penitentiary at Terre Haute, with full postage prepaid and

affixed and addressed to:

                    Lisa Noller
                    Assistant U.S. Attorney
                    219 South Dearborn, 5th Fl.
                    Chicago, IL 60604

service of which is hereby served upon you.

_4-2-08_
Date

                         _Kendrick Thomas_
                         Kendrick Thomas
                         Reg. No. _21731-424_
                         U.S. Penitentiary
                         P.O. Box 33
                         Terre Haute, IN 47808