```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION
```

FILED
JUL 7 2008
Jul 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Respondent,<br><br>-vs-<br><br>KENDRICK THOMAS,<br>Defendant-Petitioner. | No. 08 C 2204<br>(04 CR 965)<br><br>Hon. Judge Gottschall |

---

**PETITIONER'S REPLY TO THE UNITED STATES RESPONSE TO
HIS MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE**

---

Petitioner, Kendrick Thomas, now replies to the governments response to his Title 28 U.S.C.S. §2255 motion to vacate, set aside, or correct his sentence as follows:

I. <u>Background</u>:

On February 2, 2006, following a blind plea of guilty to a two count indictment, the petitioner was convicted of: (1) knowingly and intentionally distributing 53.6 grams of crack cocaine, in violation of Title 21, U.S.C. Section §841(a)(1), (count one); and (2) knowingly and intentionally distributing 115.2 grams of crack cocaine, in violation of Title 21, U.S.C. Section 841(a)(1), (Count two), Following a sentencing hearing the district court found: (1) that the substance sold by the petitioner was crack cocaine, and not powder cocaine; and (2) that the petitioner's seventeen prior convictions and twelve criminal history points calculated by the Probation Department would be adopted by the Court, and sentenced Mr. Thomas at level 31, Criminal History

Category VI, which netted a term of 188-235 months. The district court thoroughly utilized it's discretion at sentencing believing that Thomas's criminal history had been properly calculated by the Probation Department, then sentenced the petitioner to the low end of the advisory Sentencing Guideline range to 188 months of imprisonment in accordance with §3553(a), and observing that most of Thomas's convictions were not serious in nature, though 2 prior convictions were. (See: Judgment of Commitment and Sentencing Tr. 83-84).

Petitioner appealed and the Seventh Circuit affirmed the conviction and sentence reasoning that his criminal history did not seriously over represent itself and that his sentence was reasonable. And, further reasoned that Thomas's criminal history was in fact miscalculated and should had been 8, netting him an advisory sentencing range of 151-188 months, but declined to disturb the sentence because even if Thomas prevailed the 188 months he received will still be within the new guideline range. Without taking into consideration whether the sentencing court would have resentenced Thomas to the low end of 151 months if the sentence had been reversed.

No petition for rehearing en banc was filed by petitioner's counsel though Thomas desired that his counsel, Ross M. Eagle, file an en banc petition.

Petitioner asked his counsel to further the appeal by filing a Petition for a Writ of Certiorari, but counsel failed to file the appeal writ.

Petitioner filed a timely Title 28 U.S.C. Section 2255 Motion to Vacate, Set Aside or Correct his sentence, raising two issues

for relief: (1) he asserted that he was denied his Sixth Amendment right to effective assistance of counsel, first because hes appointed attorney did not file a petition for rehearing en banc with the Seventh Circuit, and that counsel refused or failed to further the appeal by filing a writ of certiorari to the Supreme Court, after the petitioner clearly asked counsel to file the writ of certiorari and second counsel failed to properly argue on direct appeal that petitioner's criminal history points had been miscalculated by the Probation Department; and (2) petitioner asserted that the Probation department miscalculated his criminal history points, giving him twelve (12) criminal history points when he should have only received eight (8) criminal history points, requiring that his centence be vacated and that he be resentenced.

The government timely responded to Thomas's §2255 motion. Thomas now replies to said response in objection to the government's response.

II. <u>Argument</u>:

A. Thomas can show he was denied effective assistance of counsel.

The government contends that the petitioner cannot show Constitutional right to effective assistance of counsel, and the petitioner objects to the government's contention.

The petitioner asserted in his Section 2255 claim that he was denied his Sixth Amendment Constitutional right to effective assistance of counsel on appeal. though the government contends that the right to an effective appellate defense extends only to a first appeal right, which Thomas received on direct appeal. Mr. Thomas

asked his counsel to file a petition for writ of certiorari within the Supreme Court, and his counsel, Ross M. Eagle, failed to file the writ and did not inform the petitioner of his failure to do so thus causing counsel to be ineffective. (See: Roe v. Flores-Ortega, 528 US 470 at 477-78; 528 US 470, 145 L.Ed. 2d 985, 120 S.Ct. 1029.

This claim presented in the §2255 is not based solely on the petitioner having the right to counsel during a Writ of Certiorari proceeding, "it's mainly concerning counsel being ineffective due to Thomas asking his lawyer to file the Writ of Certiorari on his behalf, but counsel failed to file the Certiorari and did not tell the petitioner that he didn't file the Certiorari; thus depriving the petitioner of the opportunity to file a timely pro se Writ of Certiorari." Therefore the government request that the petitioner's §2255 motion be denied should not be granted, the petitioner has shown that counsel was ineffective for failing to file an appeal in furtherance of his direct appeal. And the government's reliance on Ross v. Moffit, 417 US 600, 617 (1974); and Wainright v. Torna, 455 US 586, 587-88 (1982), are both misplaced.

A lawyer's failure to file an appeal on a defendant's behalf after a defendant ask him to do so, is ineffective assistance of counsel and requires an evidentiary hearing in a §2255 proceeding. See: United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005).

Mr. Thomas was entitled to further his appeal either with the representation of counsel or pro se, but counsel's failure to file the Certiorari or inform Thomas of that failure deprived Thomas of that right which he was entitled to, even without showing that his appeal likely would have had merit. See: Peguero v. United States,

526 US 23, 28, 143 L.Ed 18, 119 S.Ct. 961. Thomas presumed he was still being represented by counsel, and his lawyer should had informed him that he was not going to file the Certiorari. Mr. Thomas was therefore entitled to counsel on his Writ of certiorari proceedings. See: Wilkins v. United States, 441 US 468, 469 (1979); (The Criminal Justice Act); and United States v. Price, 491 F.3d 613 (7th Cir. 2007).

The defendant should be granted an evidentiary hearing, then appointed new counsel and allowed the opportunity to file his Writ of Certiorari Petition.

B. Petitioner was denied his right to effective assistance of counsel due to counsel's failure to argue the precise objection to the PSR sought by Thomas.

An attorney is required to properly review the terms of a defendant's plea, and then properly review his PSR to ensure that the Probation Department properly calculated the defendant's criminal history points and placed him at the appropriate offense level and criminal history category. If errored counsel must precisely object to the error or miscalculation, and if that objection is denied by the court, counsel must later raise the precise issue on appeal. But if counsel fails to object to the error at sentencing, or fails to precisely raise the issue on direct appeal, both trial and appeal counsel would be deemed as ineffective. This is what happened in Thomas's case, and counsel defectiveness prejudiced Thomas's appeal. Thomas is entitled to a presumption of prejudice. See: United States v. Cronic, 466 US

648, 80 L.Ed 2d 657, 104 S.Ct. 2039 (1984). The petitioner has also satisfied both prongs of Strickland. He's shown deficiences in his lawyer's represation, prejudice, and a deprivation of a right to effective counsel combined. See: Strickland v. Washington, 466 US 668 (1984).

Thomas is requesting an evidentiary hearing in this matter to determine whether counsel was ineffective for failing to file an appeal (Certiorari) and for failing to raise and argue a precise error of miscalculation on appeal. The error caused the petitioner to receive a greater sentence, and if the Probation Department would have properly calculated Mr. Thomas's criminal history points, he may have been sentenced to lesser time in prison. This is a clear fundamental defect which results in a miscarriage of justice, that can be raised in a §2255 proceeding.

C. The Probation Department did not properly calculate the Petitioner's criminal history points.

Mr. Thomas disagrees and objects to the government's contention in their response that the Probation Department properly calculated his criminal history points. In the United States response they presented a list of criminal convictions describing offenses and points given for alleged convictions, but their assessment is incorrect and conflicting with their calculation given in their "draft" plea agreement. See: (government's response to §2255 motion, pages 12-13); and See: (the attached pages 4-7 from the defendant's "draft" plea agreement offered by the government, labelled as Exhibit A.).

-6-

The government contends in response to his §2255 that Mr. Thomas should have 12 to 14 criminal history points, when in actuality he should only have 8 criminal history points. The government fails to acknowledge the Probation Department's error.

The Sentencing Court took it in discretion that Mr. Thomas's criminal history points were accurately calculated and then made the determination that his advisory sentencing range was to be set at level 31 and criminal history category VI, being a final sentencing range of 188 to 235 months of imprisonment, then sentenced Thomas to the low end of that range, to 188 months of imprisonment.

Mr. Thomas's accurate sentencing guideline range should had been at level 31 and criminal history category IV, calling for a sentence of 151 to 188 months. The Court utilized its discretion at sentencing in accordance with §3553(a), and had the Court known that Thomas only had 8 criminal history points, instead of 12-14, the court may have sentenced him to only 151 months, being the low end of the accurate advisory guideline range of 151 to 188 months. Which still would have been in accordance with §3553(a).

The Petitioner believes that the sentencing court should correct this error and make the decision as to whether or not if this error had been known to the court at the time of sentencing, would the court had sentenced Mr. Thomas to the low end of that accurate range, to 151 months of imprisonment, or still would it had imposed the high end of 188 months.

If the court would decide the latter, then the Petitioner should allowed to withdraw his guilty plea. See: United states v. Bennett, 716 F.Supp. 1137 (7th Cir. Dist. Ct. 1989).

The district court now have the authority to impose sentences how they'd like to impose them as long as the sentence is reasonable. The district court also has authority to correct a sentencing error such as in the instant case, which can change the Petitioner's sentence dramatically.

Post <u>Booker</u>, a district court has significantly more freedom than before <u>Booker</u> to fashion an appropriate sentence. Nevertheless, the district court itself is required to calculate properly, the advisory sentencing range and then impose a sentence which takes into consideration the sentencing factors specified in 18 U.S.C. §3553. If the sentence falls within the accurate advisory sentencing range recommended by the guidelines, it is entitleed to a rebutable presumption of reasonableness.

Mr. Thomas recommended sentencing range was errored, thus requiring his sentence to be corrected.

An evidentiary hearing should be Ordered on this issue, and the Petitioner's sentence vacated, and he be resentenced to 151 months of imprisonment.

III. Conclusion:

Petitioner, Mr. Kendrick Thomas, respectfully request that his Motion to Vacate, Set aside, or Correct his sentence under Title 28 U.S.C. Section §2255 is granted, and that his sentence of 188 months is vacated and he be resentenced to 151 months or more of imprisonment.

Respectfully Submitted

Mr. Kendrick Thomas  2/731-424
Petitioner

-8-

"APPENDIX"

Reply to §2255

1. Draft Plea Agreement from government with accurate criminal history score.
   Labelled Exhibit A.



(a) Pursuant to Guideline § 2D1.1(c)(3), the base offense level for this offense is level 34 because the amount of cocaine base in the form of crack cocaine distributed by defendant was at least 150 grams but less than 500 grams.

(b) Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline § 3E1.1, a two-level reduction in the offense level is appropriate.

(c) Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, within the meaning of Guideline § 3E1.1(b). Accordingly, at the time of defendant's sentencing hearing, the government will move for an additional 1-level reduction in the offense level, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline § 3E1.1(a).

(d) On or about May 25, 1995, defendant was convicted of resisting a peace officer in Kane County Circuit Court in Elgin, Illinois in case number 95 CM 3037, and sentenced to one month and 5 days of supervision and a $90 fine. Pursuant to Guideline § 4A1.2(c)(1), defendant receives no criminal history points for this conviction.

(e) On or about October 25, 1995, defendant was convicted of reckless conduct in Kane County Circuit Court in Elgin, Illinois in case number 95 CM 3758, and sentenced to eleven months supervision and a $300 fine. Pursuant to Guideline § 4A1.2(c)(1)(A), defendant receives no criminal history points for this conviction.

4


"Exhibit A."

DRAFT

(f) On or about October 24, 1995, defendant was convicted of operating an uninsured motor vehicle in Kane County Circuit Court in Elgin, Illinois in case number 95 TR 52268 and sentenced to a $501 fine and 5 months and 30 days of court supervision. Pursuant to Guideline § 4A1.2(c)(1), defendant receives no criminal history points for this conviction.

(g) On or about July 17, 1999, defendant was convicted of aggravated battery in Kane County Circuit Court in Elgin, Illinois in case number 96 CF 967, and sentenced to two days in jail, twelve months probation and a $235 fine. On January 15, 2002, the judgment was modified to 180 days in jail. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

(h) On or about February 19, 1999, defendant was convicted of criminal trespass to land in Kane County Circuit Court in Elgin, Illinois in case number 96 CM 4435, and was sentenced to a $250 fine. Pursuant to Guideline § 4A1.2(c)(1), defendant receives no criminal history points for this conviction.

(i) On or about January 2, 1997, defendant was convicted of failing to stop in Kane County Circuit Court in Elgin, Illinois in case number 96 TR 23959, and sentenced to a $110 fine. Pursuant to Guideline § 4A1.2(c)(2), defendant receives no criminal history points for this conviction.

(j) On or about February 11, 1998, defendant was convicted of driving on a suspended license in Kane County Circuit Court in Elgin, Illinois in case number 97 TR 22183, and sentenced to a $200 fine and 3 months' supervision. Pursuant to Guideline § 4A1.2(c)(1), defendant receives no criminal history points for this conviction.

5

Exhibit A. 2

DRAFT

(k) On or about April 13, 1999, defendant was convicted of aggravated battery of a police officer in Kane County Circuit Court in Elgin, Illinois in case number 98 CF 1370 and sentenced to 180 days in jail, 30 months probation and a $1600 fine. Pursuant to Guideline § 4A1.1(b), defendant receives two criminal history points for this conviction.

(l) On or about July 18, 2000, defendant was convicted of driving on a suspended license in Kane County Circuit Court in Elgin, Illinois in case numbers 98 TR 9622, 98 TR 45971 and 00 TR 21995 and sentenced to 24 days of periodic imprisonment, 12 months supervision and a $350 fine. Pursuant to Guideline § 4A1.2(c)(1) and § 4A1.1(c), defendant receives one criminal history point for these convictions.

(m) On or about September 15, 2000, defendant was convicted of driving on a suspended license in Kane County Circuit Court in Elgin, Illinois in case number 98 TR 53175, and sentenced to 2 days in jail and 12 months supervision. Pursuant to Guideline § 4A1.2(c)(1) and § 4A1.1(c), defendant receives one criminal history point for this conviction.

(n) On or about September 27, 1999, defendant was convicted of driving on a suspended license in the Circuit Court of Kane County in St. Charles, Illinois in case number 98 TR 57311, and was sentenced to a $90 fine. Pursuant to Guideline § 4A1.2(c)(1), defendant receives no criminal history points for this conviction.

(o) On or about January 8, 2001, defendant was convicted of driving on a suspended license in Kane County Circuit Court in Elgin, Illinois in case number 99 TR 7034 and sentenced to 10 days in jail, 12 months' conditional discharge and a $750 fine. Pursuant to Guideline § 4A1.2(c)(1), defendant receives one criminal history point for this conviction.



Exhibit A. 3

DRAFT

✓ this one out!

(p) On or about May 20, 2002, defendant was convicted of possession of cannabis in Kane County Circuit Court in Elgin, Illinois in case number 01 CM 5872 and sentenced to 180 days in jail. Pursuant to Guideline § 4A1.1(b), defendant receives two criminal history points for this conviction.

(q) On or about May 23, 2002, defendant was convicted of driving on a suspended license in Kane County Circuit Court in Elgin, Illinois in case number 01 TR 75243 and sentenced to 180 days in jail, to be served concurrently with the sentence imposed in (p), above. Pursuant to Guideline §§ 4A1.2(a)(2) and (c)(1), defendant receives no criminal history points for this conviction.

(m) Based on paragraphs 7(d) through 6(l), defendant has eight criminal history points and his criminal history category is IV.

(n) The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final advisory Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

8. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected

Exhibit A.4

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE, that the undersigned has filed a Petitioner's Reply to the United States Response to his Motion to Vacate, Set Aside, or Correct his sentence under §2255, with the U.S. District Court for the Northern District of Illinois-Eastern Division, on June 30, 2008.

This also Certifies that a copy of said documents were served upon the Assistant U.S. Attorney, Lisa M. Noller, Esq., 219 South Dearborn Street, Chicago, Illinois 60604. By placing said documents in the U.S. mail postage paid and addressed to same, from the USP Terre Haute, federal prison, in Terre Haute, Indiana 47808, on June 30, 2008.

*Kendrick Thomas 21731-424*
Mr. Kendrick Thomas
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN. 47808
#21731-424